h CARAWAY, J.,
dissenting.
I respectfully dissent.
The author of the Gedward decision previously cautioned in another insurance contract interpretation dispute that the rule of strict construct of the policy “does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exist....” Reynolds v. Select Properties, Ltd., 634 So.2d 1180, 1183 (La.1994)(emphasis added). The majority has taken the Gedward finding of ambiguity in one context and invented ambiguity for a totally different context which is clearly and un-mistakenly addressed in the policy. Both the exclusion provision for motor vehicles “owned” by the insured and the definition provision for “motor vehicle” unambiguously address owned motor vehicles of the insured. In this case, the majority recognizes that evidence in support of State Farm’s summary judgment presents no material issue of fact regarding the Sand-erson’s ownership of the ATV. Likewise, there is no fact dispute that the accident occurred off the insured’s premises.
The ATV in Gedward was not owned by the insured, and the supreme court determined ambiguity in whether the homeowner’s policy did or did not exclude injury arising out of the use of an unowned, borrowed ATV. An insured’s unowned vehicle is not present here to cloud the issue. *638 The two conflicting policy provisions which presented the problem in Gedward are here in harmony regarding an owned ATV. Therefore, the trial court’s grant of summary judgment should be affirmed.